UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LEV GRIGORYOU,                                                     **REPORT, RECOMMENDATION**
                                                                                    **AND ORDER**
                                        Plaintiff,

v.                                                                                  13-CV-00526(A)(M)

PALLET SERVICE INC.,

                                        Defendant.

_____

            This case was referred to me by Hon. Richard J. Arcara for supervision of all

pretrial proceeding, including the preparation of a Report and Recommendation on dispositive

proceedings [10].[1]  Before me is defendant Pallet Service, Inc.'s unopposed motion  to dismiss

plaintiff Lev Grigoryou's Complaint pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) [6], and

plaintiff's motion for appointment of counsel [9].  For the following reasons, plaintiff's motion

[9] is denied, without prejudice, and  I recommend that  defendant's motion be granted, without

prejudice to plaintiff filing an Amended Complaint.


                                              **BACKGROUND**

            Plaintiff commenced this action *pro se* using a form complaint alleging

employment discrimination, in violation of the Age Discrimination in Employment Act of 1967

("ADEA"), 29 U.S.C. §§621-634. Complaint [1], p. 1 of 12.  The Complaint provides scant

detail of plaintiff's allegations.  It alleges  that he began his employment with defendant on

September 1, 2011, that the first alleged discriminatory act occurred between November 28 and

_____

            [1]            Bracketed references are to the CM/ECF docket entries.

December 2, 2011, and that these acts are still being committed against him.  Complaint [1],

¶¶4, 5, 7.[2]  He seeks relief based on his  termination and for hostile work environment.  Id., ¶13.

The only specifics as to what transpired are set forth in the Charge of

Discrimination he filed with the Equal Employment Opportunity Commission ("EEOC"), which

is attached to the Complaint.  The Charge states that he began working for defendant as a

Conveyor Belt Worker on September 1, 2011, and that

> "[o]n or about April 16, 2012, Respondent approached me and
> grabbed my protective gear off my head and began to verbally
> abuse and physically assault me stating that I was not working fast
> enough.  Three . . . workers were required to work in the conveyor
> belt area and Respondent removed two . . . of the workers which
> forced me to work alone at a faster pace.
>
> Continuing into my shift, Respondent became increasingly hostile
> and increased my work load.  Respondent also sent younger
> employees (who were outside the protected age group) from
> another work area to encourage me to work faster without
> additional help.
>
> On or about April 16, 2012, Respondent terminated my
> employment alleging misconduct.
>
> I believe that I was harassed and discriminated against because of
> my age/51  years old".  Complaint [1], p. 10 of 12.[3]

---

[2]     Although plaintiff alleges that he began his employment on September 20, 2013- *after*
the Complaint was filed  on May 17, 2013 (Complaint [1], ¶4), I assume from  that this was erroneous.

[3]     Curiously, the Complaint also attaches a February 19, 2013 right-to-sue letter from the
EEOC to plaintiff, which states that "[d]uring the Intake Interview on January 30, 2013, you stated that
you believe the reason for your termination was because you were an extra worker and not because . . . of
your age".  Complaint [1], p. 12 of 12.  Moreover, in contrast to the Complaint, which alleges that the
alleged discrimination commenced between November 28 and December 2, 2011 and continued
thereafter (Complaint [1], ¶¶5, 16), the Charge limits the alleged discrimination to April 16, 2012.  Id., p.
10 of 12.

Shortly after defendant moved to dismiss the Complaint, and before I issued a briefing schedule on defendant's motion, plaintiff moved for appointment of counsel [9]. My briefing schedule, which was mailed to plaintiff, required his response to defendant's motion by September 2, 2013 [11].

To date, no response or motion for an extension of the September 2, 2013 deadline has been filed. Nevertheless, I "cannot grant a motion to dismiss solely on the ground that it is unopposed. Rather, where a Rule 12(b) motion has not been opposed, this Court must review the merits of the motion and determine whether the movant has carried its burden." Foster v. Phillips, 2005 WL 2978686, *3 (S.D.N.Y.2005). *See* McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal").

**ANALYSIS**

**A.      Plaintiff's Motion for Appointment of Counsel**

Although plaintiff concedes that he has not discussed his case with any attorneys, he alleges that he lacks sufficient resources for an attorney [9]. Apart from his lack of resources, plaintiff provides no explanation for why appointment of counsel is warranted.

There is no constitutional right to appointed counsel in civil cases. However, under 28 U.S.C. §1915(e)(1), the Court may appoint counsel to assist indigent litigants. *See, e.g.*, Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988). The decision as to whether or not to assign counsel lies clearly within the court's discretion. *See* In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984). The factors to be

considered include the following: (1) whether the indigent's claims seem likely to be of

substance; (2) whether the indigent is able to investigate the crucial facts concerning his claim;

(3) whether conflicting evidence implicating the need for cross-examination will be the major

proof presented to the fact finder; (4) whether the indigent has the ability to present the case; (5)

whether the legal issues involved are complex; and (6) whether there are any special reasons why

appointment of counsel would be more likely to lead to a just determination.  *See* Hodge v.

Police Officers, 802 F.2d 58, 6162 (2d Cir. 1986); Carmona v. United States Bureau of Prisons,

243 F. 3d 629, 632 (2d Cir. 2001); Garcia v. USICE (Dept. of Homeland Security),

669 F.3d 91, 9899 (2d Cir. 2011).

      Having considered these factors, I conclude that appointment of counsel is not

warranted at this time.  Since the case is still at an early stage, the merit (or lack thereof) of

plaintiff's claims is difficult to assess.  Moreover, plaintiff has not shown that he is incapable of

investigating the facts of this case or conducting discovery.  Therefore, plaintiff's motion for

appointment of counsel is denied, without prejudice to his ability to re-apply for appointment of

counsel if this  case proceeds.  At this time, it remains plaintiff's responsibility to retain an

attorney or to prosecute this action *pro se*.

**B.**      **Defendant's Motion to Dismiss**

      "When, as here, the complaint is filed by a *pro se* plaintiff, we construe the

complaint liberally, interpreting it to raise the strongest arguments that it suggests." Caro v.

Weintraub, 618 F.3d 94, 97 (2d Cir. 2010).  Moreover, "the court should not dismiss without

granting leave to amend at least once when a liberal reading of the complaint gives any indication

that a valid claim might be stated". Branum v. Clark, 927 F.2d 698, 705 (2d Cir. 1991).


### 1.    Termination

"To establish a *prima facie* case of age discrimination, a plaintiff must show four

things: (1) he is a member of the protected class; (2) he is qualified for his position; (3) he has

suffered an adverse employment action; and (4) the circumstances surrounding that action give

rise to an inference of age discrimination." Mingguo Cho v. City of New York, __ Fed. Appx.

__, 2013 WL 6570611, *2 (2d Cir. 2013) (Summary Order).

Defendant only challenges the forth prong, arguing that plaintiff has not "made

any allegation that would connect his membership in the protected class to his termination".

Defendant's Memorandum of Law [7], p. 4.  I agree.  The only age-related allegation plaintiff

makes is that defendant sent "younger employees" to "encourage him to work faster".  Complaint

[1], p. 10 of 12.  While plaintiff may be able to sufficiently allege a claim under the ADEA

arising from his termination, he has not done so based on the limited allegations of the current

Complaint.  Therefore, I recommend that this claim be dismissed, without prejudice.


### 2.    Hostile Work Environment

"A plaintiff bringing a hostile work environment claim under the ADEA must

show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is

sufficiently pervasive to alter the conditions of the victim's employment . . . . Minor incidents do

not merit relief.  To establish a hostile work environment, plaintiffs must prove that the incidents

were sufficiently continuous and concerted to be considered pervasive.  A plaintiff must also

demonstrate that she was subjected to the hostility because of her membership in a protected

class." Francis v. Elmsford School District, 263 Fed.Appx. 175, 177 (2d Cir. 2008) (Summary

Order).

> However, even isolated incidents may rise to the level of a hostile work

environment, where "they are of sufficient severity to "alter the terms and conditions of

employment as to create such an environment".  Demoret v. Zegarelli, 451 F.3d 140, 149 (2d Cir.

2006).  "A plaintiff must also demonstrate that she was subjected to the hostility because of her

membership in a protected class" Francis, 263 Fed.Appx. at 177, and "must also plead enough

facts that the hostile work environment can be imputed to the employer in order to establish

employer liability for hostile actions taken by its employees".  Smith v. HBO, 2013 WL

2285185, *2  (E.D.N.Y. 2013).

> Defendant seeks to dismiss plaintiff's hostile work environment claim, arguing

that the Complaint only alleges an isolated incident not attributable to plaintiff's age.

Defendants' Memorandum of Law [7], pp. 5-6.  I question whether this isolated  incident, if fully

credited, could be considered minor.  Nevertheless, even assuming that it was sufficiently severe

to support a hostile work environment claim and that all of the alleged conduct could be

attributed  to defendant, plaintiff fails to allege that the hostile work environment he experienced

was attributable his age.  Therefore, I recommend that this claim be dismissed, without prejudice.

**CONCLUSION**

For these reasons, plaintiff's motion for appointment of counsel [9] is denied,

without prejudice, and I recommend that defendant's motion to dismiss [6] be granted, without

prejudice to plaintiff filing an Amended Complaint.

Unless otherwise ordered by Judge Arcara, any objections to this Report,

Recommendation and Order  must be filed with the clerk of this court by March 3, 2014

(applying the time frames set forth in Rules  6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for

extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . .

waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F.

2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments,

case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal

Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local

Rules of Civil Procedure, written objections shall "specifically identify the portions of the

proposed findings and recommendations to which objection is made and the basis for each

objection . . . supported by legal authority", and must include "a written statement either certifying

that the objections do not raise new legal/factual arguments, or identifying the new arguments and

explaining why they were not raised to the Magistrate Judge".  Failure to comply with these

provisions may result in the district judge's refusal to consider the objections.

Dated: February 14, 2014

/s/ Jeremiah J. McCarthy

JEREMIAH J. MCCARTHY
United States Magistrate Judge