UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LEV GRIGORYOU,                                    **REPORT, RECOMMENDATION**
                                                  **AND ORDER**
                            Plaintiff,

v.                                                13-CV-00526(A)(M)

PALLET SERVICE, INC.,

                            Defendant.
_____

　　　　　This case was referred to me by Hon. Richard J. Arcara for supervision of all

pretrial proceedings, including the preparation of a Report and Recommendation on dispositive

motions [10].[1]  Before me is defendant Pallet Service, Inc.'s motion to dismiss the Amended

Complaint  pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6), and plaintiff's second motion for

appointment of counsel [23].  For the following reasons, plaintiff's motion is denied, without

prejudice, and I recommend that defendant's motion be denied.


                            **BACKGROUND**

　　　　　Plaintiff commenced this action *pro se* alleging employment discrimination, in

violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§621-

634. Complaint [1], p. 1 of 12.  By Report, Recommendation and Order dated February 14, 2014

[12], I recommended that defendant's unopposed motion to dismiss the Complaint be granted,

without prejudice to plaintiff filing an Amended Complaint.  At that time, I also ordered that

plaintiff's motion for appointment of counsel be denied, without prejudice.  My Report,

_____

　　　[1]　　　Bracketed references are to the CM/ECF docket entries.

Recommendation and Order was adopted by Judge Arcara, and plaintiff filed an Amended Complaint [18].

The Amended Complaint alleges that plaintiff is 51 years old and was employed by defendant from September 2011 to April 2012 as a laborer working on a conveyor line ([18], p. 6 of 13, ¶¶1-3).  Plaintiff alleges that three laborers were required to keep up with the line and that "most of the other employees were" between 20 and 30 years old and that only one employee was older than he (id., ¶5(a)).  Plaintiff alleges that on "at least 8 different days" his supervisor "forced me to handle the line by myself", but that none of the other employees were required to do so (id.).  He also alleges that beginning in January 2012, two younger workers "yelled on [*sic*] me several times a day to hurry up and [*sic*] faster" and did so every day (id., ¶5(c)).  He further alleges that whereas other employees rotated positions, he "was stuck at the same position all day every day" and "[t]he supervisor knew this and did nothing about it" (id., ¶5(e)).

Plaintiff alleges that on his last day of work a younger worker kept yelling at him and when he told him to stop, the "supervisor was watching and smiling" and did nothing to help him (id., ¶5(f)).  Shortly thereafter, the supervisor said to him "'F. . . ing shut up'" and pushed him out the door with no explanation as to why he was being terminated (id.).

## ANALYSIS

### A.      Plaintiff's Second Motion for Appointment of Counsel

Plaintiff has filed a second motion [23] for appointment counsel, explaining that he is "not familiar with legal process", he is "not a native English speaker" (id., ¶4).  His

Amended  Complaint alleges that he is Russian and does not "speak or write English without

help" ([18], p. 6 of 13).

There is no constitutional right to appointed counsel in civil cases.  However,

under 28 U.S.C. §1915(e)(1), the Court may appoint counsel to assist indigent litigants.  *See, e.g.*,

Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc., 865 F. 2d 22, 23 (2d Cir. 1988).

The decision as to whether or not to assign counsel lies clearly within the court's discretion.  *See*

In re Martin-Trigona, 737 F. 2d 1254, 1260 (2d Cir. 1984).  The factors to be considered include

the following: (1) whether the indigent's claims seem likely to be of substance; (2) whether the

indigent is able to investigate the crucial facts concerning his claim; (3) whether conflicting

evidence implicating the need for cross-examination will be the major proof presented to the fact

finder; (4) whether the indigent has the ability to present the case; (5) whether the legal issues

involved are complex; and (6) whether there are any special reasons why appointment of counsel

would be more likely to lead to a just determination.  *See* Hodge v. Police Officers, 802 F.2d 58,

6162 (2d Cir. 1986); Carmona v. United States Bureau of Prisons, 243 F. 3d 629, 632 (2d Cir.

2001); Garcia v. USICE (Dept. of Homeland Security), 669 F.3d 91, 9899 (2d Cir. 2011).

Having considered these factors, I again conclude that appointment of counsel is

not warranted at this time.  Although plaintiff states that his "case has merit" ([23], ¶4), since the

case still remains at an early stage, the merit (or lack thereof) of plaintiff's claims is difficult to

assess.  Moreover, plaintiff has not shown that he is incapable of investigating the facts of this

case, conducting discovery or understanding the legal issues.  Therefore, plaintiff's motion for

appointment of counsel is denied, without prejudice to his ability to re-apply for appointment of

counsel.  At this time, it remains plaintiff's responsibility to retain an attorney or to prosecute this action *pro se*. [2]

**B.      Defendant's Motion to Dismiss**

"When, as here, the complaint is filed by a *pro se* plaintiff, we construe the complaint liberally, interpreting it to raise the strongest arguments that it suggests."  Caro v. Weintraub, 618 F.3d 94, 97 (2d Cir. 2010).  Leave to amend is "taken very seriously and with consideration that the Court need not allow unlimited efforts to state a claim".  Henry v. Cuomo, 2008 WL 489258, *3 (W.D.N.Y. 2008).

**1.      Termination**

"To establish a *prima facie* case of age discrimination, a plaintiff must show four things: (1) he is a member of the protected class; (2) he is qualified for his position; (3) he has suffered an adverse employment action; and (4) the circumstances surrounding that action give rise to an inference of age discrimination."  Mingguo Cho v. City of New York, 2013 WL 6570611, *2 (2d Cir. 2013) (Summary Order).

In moving to dismiss, defendant challenges only the fourth element of this test, arguing that "there are no allegations in the amended complaint, no matter how liberally it is construed, that link the adverse employment action to any set of facts or circumstances that

---

[2]      If plaintiff is unable to retain an attorney, he may be eligible for the *Pro Se* Assistance Program, which  provides legal assistance to financially eligible individuals.  Information concerning this Program will be separately mailed to him.

would give rise to an inference of age discrimination".  Defendant's Memorandum of Law [20], p. 5.  I disagree.

"A showing of disparate treatment - that is, a showing that the employer treated plaintiff 'less favorably than a similarly situated employee outside his protected group'- is a recognized method of raising an inference of discrimination for purposes of making out a prima facie case".  Mandell v. County of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003); Del Valle v. City of New York, 2013 WL 444763, *4  (S.D.N.Y. 2013).

Here, the Amended Complaint, liberally interpreted, alleges that plaintiff was treated less favorably than his younger co-workers.  These allegations are sufficient at this stage to support an inference of age discrimination in connection with plaintiff's termination.

In its reply, defendant also argues that plaintiff's response to its motion makes evident that his termination is not the adverse employment action he is challenging.  In response to defendants' motion, plaintiff states that "an adverse employment action appears in details in paragraphs 5 a, b, c, d of the amended complaint".  Plaintiff's Response [24], p. 2 of 2, ¶1.  These paragraphs address plaintiff's work conditions, not his termination which is addressed in paragraph 5(f) of the Amended Complaint.  Nevertheless, given plaintiff's use of the caption "Wrongful termination" in the Amended Complaint ([18], p. 6 of 13), and plaintiff having checked the box in the Amended Complaint that he is complaining of the termination of his employment (id., p. 4 of 13, ¶13(c)), I assume that this was an oversight.  Therefore, I recommend that this portion of defendant's motion be denied.

2.       **Hostile Work Environment**

"A plaintiff bringing a hostile work environment claim under the ADEA must show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently pervasive to alter the conditions of the victim's employment . . . . Minor incidents do not merit relief.  To establish a hostile work environment, plaintiffs must prove that the incidents were sufficiently continuous and concerted to be considered pervasive.  A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class."  Francis v. Elmsford School District, 263 Fed.Appx. 175, 177 (2d Cir. 2008) (Summary Order).  "A plaintiff must . . . demonstrate that she was subjected to the hostility because of her membership in a protected class."  Id.

In seeking dismissal of this claim, defendant argues that "[p]laintiff's allegations do not allege harassment 'attributable to age'".  Defendant's Memorandum of Law [20], p. 6.  Similar to establishing a *prima facie case* of discriminatory intent for an adverse employment action, "[t]he discriminatory motive aspect of a . . . .  hostile work environment can be shown in a number of ways", including by providing  "evidence of disparate treatment between young and old employees" .  Wayne v. Principi, 2004 WL 389009, *10 (S.D.N.Y. 2004).  As discussed above, liberally interpreted the Amended Complaint alleges that plaintiff was subjected to certain adverse treatment that younger workers were not subjected to.  Therefore, I conclude that plaintiff has sufficiently alleged that the hostile work environment he experienced was because of his age.

Defendant also argues that "plaintiff has not made any allegations connecting the alleged activities of the younger workers . . . to [defendant], by alleging, for example, that . . .

-6-

management knew of the alleged harassment".  Defendant's Memorandum of Law [20], p. 7.  A plaintiff must "plead enough facts that the hostile work environment can be imputed to the employer in order to establish employer liability for hostile actions taken by its employees".  Smith v. HBO, 2013 WL 2285185, *2  (E.D.N.Y. 2013).  "When harassment is perpetrated by the plaintiff's coworkers, an employer will be liable if the plaintiff demonstrates that the employer either provided no reasonable avenue for complaint or knew of the harassment but did nothing about it."  Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 107 (2d Cir. 2011), cert. denied, __ U.S.__, 132 S.Ct. 1744 (2012).  However, "actionable conduct of a supervisor may be imputed to defendant as a matter of law."  Payne v. New York City Police Department, 863 F.Supp.2d 169, 186 (E.D.N.Y. 2012).

       Liberally interpreted, the Amended Complaint alleges that plaintiff's supervisor was responsible for creating the hostile work conditions or, at minimum,  had knowledge of the hostile work conditions created by the employees and did nothing to stop it.  Under either circumstance, plaintiff has sufficiently alleged  that the hostile work environment which he experienced may be imputed to defendant.  Therefore, I recommend that this portion of defendant's motion be denied.


**CONCLUSION**

       For these reasons, plaintiff's second motion [23] for appointment of counsel is denied, without prejudice, and I recommend that defendant's motion [19] to dismiss the Amended Complaint be denied.

Unless otherwise ordered by Judge Arcara, any objections to this Report, Recommendation and Order  must be filed with the clerk of this court by March 30, 2015 (applying the time frames set forth in Rules  6(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". <u>Wesolek v. Canadair Ltd.</u>, 838 F. 2d 55, 58 (2d Cir. 1988); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. <u>Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: March 13, 2015

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge